The court incorporates by reference in this paragraph and adopts as the findings and orders of this court the document set forth below. This document was signed electronically on December 6, 2012, which may be different from its entry on the record.

**IT IS SO ORDERED.**

**Dated: December 6, 2012**



ARTHUR I. HARRIS
UNITED STATES BANKRUPTCY JUDGE

## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| In re: | Case No. 10-22240 |
| MICHAEL A. FARINACCI,<br>    Debtor. | Chapter 7 |
| _____ | Judge Arthur I. Harris |
| MARY ANN RABIN, TRUSTEE,<br>    Plaintiff, | |
| v. | Adversary Proceeding<br>No. 11-1316 |
| NGDM ENTERPRISES, *et al.*,<br>    Defendants. | |

### MEMORANDUM OF OPINION[1]

This matter is currently before the Court on cross-motions for summary judgment filed by NGDM Enterprises, Donald A. Markusic, Rista Sboukis, and GEMP Real Estate, LLC (collectively "the defendants"), and the Chapter 7 trustee.

---

[1] This opinion is not intended for official publication.

At issue is whether the defendants improperly setoff a debt owed to them by the debtor, Michael A. Farinacci, within the 90-day preference period. For the reasons that follow, the motion of the defendants for summary judgment is granted, and the motion of the trustee is denied.

## JURISDICTION

The Court has jurisdiction over this action. An action seeking to avoid a preferential transfer is a core proceedings under 28 U.S.C. § 157(b)(2)(A) and (F), which falls within the jurisdiction granted to this Court pursuant to Local General Order No. 84, dated July 16, 1984, and Local General Order No. 2012-7, dated April 4, 2012.

## FACTUAL AND PROCEDURAL BACKGROUND

Unless otherwise indicated, the following facts are undisputed. The debtor was a general partner in NGDM Enterprises ("NGDM"), an Ohio general partnership, and served as the managing partner for several years. NGDM owned a single parcel of commercial real estate, which it rented out. As the managing partner, the debtor was responsible for all the dealings of the partnership, including negotiating leases, collecting rents, and paying expenses. The defendants allege that during the debtor's tenure as managing partner, the debtor used partnership funds for personal expenses and wrongfully withheld funds in the

2

sum of $71,591.64. The debtor admitted to using partnership funds for his personal expenses on several occasions, but generally denied the accuracy of the total sum of money the defendants claim the debtor withheld.

On October 1, 2010, NGDM sold its sole asset, the commercial property, for $270,000.00, and after deducting expenses of sale, received a net total of $242,720.35. The debtor, as a general partner with a 20 percent interest in the partnership, was entitled to a distribution of $37,472.38 from the net proceeds; however, NGDM never transferred the money to the debtor. Instead, on November 22, 2010, NGDM sent a letter to the debtor communicating that it decided to setoff the $37,472.38 owed to the debtor against the $71,591.64 that NGDM claims the debtor owes to it. Within the following 90-day period, on December 18, 2010, the debtor filed a voluntary petition under Chapter 7 of the Bankruptcy Code.

On November 15, 2011, the trustee filed an adversary complaint asserting that the setoff is avoidable pursuant to § 553, and seeking recovery of the $37,472.38 that NGDM setoff. The defendants' answer claimed that the setoff exercised is the type of setoff allowed by § 553, and in the alternative, the setoff in this case is also protected from avoidance as a valid recoupment of equity. The parties proceeded to file cross-motions for summary judgment. On May 1, 2012,

3

the attorney for the trustee reported that defendant Marilyn Goudas has been dismissed as a defendant without prejudice. On October 9, 2012, the Court granted the trustee's motion to compromise and settle the claims against defendant Marlene Repidonis. The trustee's claims against NGDM Enterprises, Donald A. Markusic, Rista Sboukis, and GEMP Real Estate, LLC remain outstanding.

SUMMARY JUDGMENT STANDARD

Federal Rule of Civil Procedure 56, made applicable to bankruptcy proceedings by Federal Rule of Bankruptcy Procedure 7056, provides that a court "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). Rule 56 was amended in 2010; however, "[t]he commentary to Rule 56 cautions that the 2010 amendments were not intended to effect a substantive change in the summary-judgment standard." *Newell Rubbermaid, Inc. v. Raymond Corp.*, 676 F.3d 521, 533 (6th Cir. 2012). "A court reviewing a motion for summary judgment cannot weigh the evidence or make credibility determinations." *Ohio Citizen Action v. City of Englewood*, 671 F.3d 564, 569 (6th Cir. 2012) (citation omitted). "Instead, the evidence must be viewed, and all reasonable inferences drawn, in the light most favorable to the

4

non-moving party." *Id.* at 570. "A genuine issue of material fact exists if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Yeschick v. Mineta*, 675 F.3d 622, 632 (6th Cir. 2012) (citation and internal quotation marks omitted).

DISCUSSION

"The right of setoff (also called 'offset') allows entities that owe each other money to apply their mutual debts against each other, thereby avoiding the absurdity of making A pay B when B owes A." *Citizens Bank of Maryland v. Strumpf*, 516 U.S. 16, 18, 116 S. Ct. 286, 289 (1995) (citation and internal quotation marks omitted). The term "debt" is defined in the Bankruptcy Code as "liability on a *claim*." 11 U.S.C. § 101(12) (emphasis added). The term "claim" is defined as any "right to payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." 11 U.S.C. § 101(5).

"Although no federal right of setoff is created by the Bankruptcy Code, 11 U.S.C. § 553(a) provides that, with certain exceptions, whatever right of setoff otherwise exists is preserved in bankruptcy." *Strumpf*, 516 U.S. at 18. "The right to setoff mutual debts exists as a remedy under Ohio law." *Lewis v. United Joint Venture*, 691 F.3d 835, 839 (6th Cir. 2012) (citation omitted). "In Ohio, the

5

decision to grant a party's request for a setoff lies within the discretion of the trial court." *Id.* (citation omitted).

In the trustee's motion for summary judgment, the trustee asserts that the defendants did not have a valid right to setoff under Ohio law, and the amount setoff may be recovered pursuant to § 553(b) because the defendants improved their position within the 90-day period immediately preceding the debtor's bankruptcy case. In the defendants' motion for summary judgment, the defendants argue that they properly exercised their right to setoff and in the alternative, the money withheld from the debtor following the sale of the real estate qualifies as a valid recoupment. In order to conclude whether the defendants' exercise of setoff was proper, the Court must determine (1) whether the defendants had a valid right to setoff and (2) whether the defendants improved their position within the 90-day period immediately preceding the debtor's bankruptcy petition.

*(1) The defendants had a valid right to setoff under Ohio law.*

The trustee argues that the defendants did not have a right to setoff under Ohio law because the defendants and the debtor did not have a valid debtor-creditor relationship which would warrant a setoff and, at the time the setoff occurred, the alleged debt that the debtor owed to the defendants was disputed, contingent, and unliquidated. Under Ohio law, "[s]etoff, both at law

6

in equity, is that right which exists between two parties, each of whom under an independent contract owes a definite amount to the other, to set off their respective debts by way of mutual deduction." *Walter v. Nat'l City Bank of Cleveland*, 42 Ohio St. 2d 524, 525, 330 N.E.2d 425, 427 (1975) (citation omitted). The Ohio Supreme Court has described the right to setoff in an ordinary debtor-creditor relationship as "an equitable and statutory defense." *Daugherty v. Cent. Trust Co. of Ne. Ohio, N.A.*, 28 Ohio St. 3d 441, 447, 504 N.E.2d 1100, 1104 (1986).

In order to conclude whether the defendants and the debtor had a valid debtor-creditor relationship which would warrant a setoff under Ohio law, the Court must determine whether both parties owed a definite amount to each other arising from independent contracts. The defendants allege that at the time the setoff occurred, the debtor owed the partnership a sum of $71,591.64 for wrongfully withholding partnership funds while serving as managing partner. During the debtor's deposition on May 7, 2012, the debtor admitted to using partnership funds for a variety of personal expenses, including his credit cards, gas, and cable bills. Among some of the larger transactions, the debtor admitted to paying $7,800 for his car insurance, paying $4,600 for his telephone bill, and withdrawing a sum of $10,000 in cash. While the debtor indicated during a deposition that he did not believe that the partnership's accounting of his liability

was accurate, he also stated that he never did anything to dispute the accounting. The debtor's general denial as to the total sum of money owed to the partnership is insufficient to establish a genuine issue of material fact as to that amount. *See Davis v. Robbs*, 794 F.2d 1129, 1130 (6th Cir. 1986) ("Where, as here, the moving defendants have supported their motion with affidavits and other documents, the plaintiff may not rest on the mere allegations or denials of his pleadings, but rather must set forth *specific facts* showing that there is a genuine issue for trial.") (citations and internal quotation marks omitted).

Turning to the defendants' debt to the debtor, at the time the setoff occurred, the partnership owed a debt to the debtor in the sum of $37,472.38 for his interest in the distribution of the proceeds from the sale of the partnership's real estate. Specifically, on November 22, 2010, the partnership sent a letter to the debtor indicating that it had completed an accounting of its financial affairs and that a majority of the partners approved a distribution of the net proceeds of the real estate sale to the partners pro rata in a manner consistent with the accounting. The letter further indicated that the debtor was entitled to a share of the net profits from the sale of the real estate in the sum of $37,472.38, but the partnership would not distribute any money to the debtor because of the funds the debtor owed to the partnership. Therefore, at the time the setoff occurred, both parties owed a

8

definite amount to each other arising from independent contracts. Accordingly, the defendants properly exercised their right under Ohio law to setoff their debt to the debtor against the debtor's debt to them by way of mutual deduction.

(2) *The defendants did not improve their position within the 90-day period immediately preceding the debtor's bankruptcy petition*.

The trustee asserts that the setoff in the sum of $37,472.38 may be recovered under § 553(b) because the defendants improved their position within the 90-day period immediately preceding the debtor's bankruptcy petition. Section 553(b) provides, in pertinent part:

> (1) . . . if a creditor offsets a mutual debt owing to the debtor against a claim against the debtor on or within 90 days before the date of the filing of the petition, then the trustee may recover from such creditor the amount so offset to the extent that any insufficiency on the date of such setoff is less than the insufficiency on the later of–
> (A) 90 days before the date of the filing of the petition; and
> (B) the first date during the 90 days immediately preceding the date of the filing of the petition on which there is an insufficiency.

11 U.S.C. § 553(b). In order to determine whether a creditor improved its position in the 90-day period immediately preceding the filing of a debtor's bankruptcy petition, the following formula is used:

> First, it is determined what the creditor's "insufficiency"

9

> was at the time the setoff occurred. The term "insufficiency" is defined by § 553(b)(2), and means the "amount, if any, by which a claim against the debtor exceeds a mutual debt owing to the debtor by the holder of such claim." Another simpler way of putting this is to ask by what amount does the creditor's claim against the debtor exceed the debtor's claim against the creditor. For example, if a creditor owes a debtor Five Thousand Dollars ($5,000.00), and the debtor owes the creditor Twenty Thousand Dollars ($20,000.00), then the amount of the creditor's insufficiency is Fifteen Thousand Dollars ($15,000.00). Next it is ascertained what the creditor's insufficiency was on the 90th day immediately prior to the debtor's bankruptcy petition, or if there was no insufficiency on the 90th day immediately preceding the bankruptcy filing, then on the first day in which there was an insufficiency. Finally, a comparison is made between the two figures, and if the insufficiency calculated in the first figure is less than the insufficiency calculated in the second figure, then there exists an impermissible preference, and the creditor must return the difference to the bankruptcy estate.

*In re Rehab Project, Inc.*, 238 B.R. 363, 370-71 (Bankr. N.D. Ohio 1999). *See also* 5 COLLIER ON BANKRUPTCY § 553.09[2] (16th ed. rev. 2011) (indicating through text and specific examples the basic operation of § 553(b)).

The first step of the formula is to determine what the defendants' insufficiency was at the time the setoff occurred. On the date of the setoff, November 22, 2010, the defendants had a claim against the debtor in the amount of $71,591.64 for wrongfully withholding partnership funds, and the debtor had a

claim against the defendants in the amount of $37,472.38 for the debtor's 20 percent share of the net proceeds from the sale of the partnership's asset. Therefore, the insufficiency on the date of the setoff was $34,119.26.

The second step of the formula is to determine the insufficiency on the 90th-day immediately prior to the debtor's bankruptcy petition. On the 90th-day immediately prior to the debtor's bankruptcy petition, the defendants had a claim against the debtor in the amount of $71,591.64 for wrongfully withholding partnership funds, and the debtor had a right to receive his 20 percent share of the net proceeds from the partnership's assets.

In the present case, there is no evidence of any change in the value of the debtor's 20 percent share of the net proceeds from the partnership's assets between September 19, 2010 – *i.e.*, the 90th-day prior to the debtor's bankruptcy petition, and November 22, 2010 – *i.e.*, the date when the setoff occurred. Rather, the only change that occurred was the conversion of the partnership's assets from real property to cash on October 1, 2010. Unlike the illustrations in Collier, where increases in the debtor's bank deposits prior to setoff permit the bank to improve its position, in the present proceeding, there is no improvement in position. The value of the debt owing to the debtor and the amount of the defendants' claim against the debtor both remain unchanged. Had the partnership's assets consisted

instead of a portfolio of stocks whose value fluctuated on a daily basis, there may have been a change in the insufficiency between September 19, 2010, and November 22, 2010. But the record in this case offers no evidence of any change in the value of the partnership's net assets between those two dates. The insufficiency on September 19, 2010, is the same as the insufficiency on November 22, 2010. The following calculations summarize the formula:

(1) Insufficiency at the time setoff occurred:
    Amount partnership owed to the debtor    ($37,472.38)
    Partnership's claim against the debtor    $71,591.64
    *Insufficiency*    $34,119.26

(2) Insufficiency on the 90th-day immediately prior to the debtor's bankruptcy petition:
    Amount partnership owed to the debtor    ($37,472.38)
    Partnership's claim against the debtor    $71,591.64
    *Insufficiency*    $34,119.26

Because the insufficiency at the time the setoff occurred is the same as the insufficiency on the 90th-day immediately prior to the debtor's bankruptcy petition, there is no impermissible preference for the trustee to recover under § 553(b).

## CONCLUSION

After reviewing the evidence in a light most favorable to the trustee, the Court finds no genuine issue of material fact as to the validity of the defendants'

12

11-01316-aih    Doc 65    FILED 12/06/12    ENTERED 12/06/12 15:07:55    Page 12 of 13

right of setoff under Ohio law and whether the defendants improved their position within the 90-day period immediately prior to the debtor's bankruptcy petition. Accordingly, judgment in favor of the defendants is warranted as a matter of law. Having concluded that the setoff in this proceeding was properly exercised, there is no need for the Court to consider whether the setoff is protected from avoidance as a valid recoupment of equity. For the foregoing reasons, the Court grants the defendants' motion for summary judgment, and denies the trustee's motion for summary judgment.

    IT IS SO ORDERED.